

**SIGNED THIS 4th day of February, 2021**



_Rebecca B. Connelly_
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON
THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

In re:                                                    **Chapter 7**
**LARON D. SHANNON, III,**                                 **Case No. 18-61757**
     **Debtor.**

**DONALD W. KALTSCHMIDT, JR.,**
     **Plaintiff,**
**v.**                                                     **Adv. P. No. 20-06025**
**LARON D. SHANNON, III,**
     **Defendant.**

### MEMORANDUM OPINION

Before the Court is the plaintiff's motion for summary judgment, ECF Doc. No. 14, and

the defendant's response, ECF Doc. No. 15. The motion seeks judgment as a matter of law that

the debt owed to the plaintiff is excepted from discharge based on principles of collateral estoppel.

The Court held a hearing at which counsel for the plaintiff and counsel for the defendant

appeared and were given an opportunity to present oral argument to the Court. After hearing from

the parties, the Court took the matter under advisement. Having reviewed the pleadings and having

considered arguments from both parties, the Court now issues its ruling.

### Background

Laron D. Shannon, III is a debtor in this Court. He filed a chapter 7 petition on September

7, 2018. At the time he filed the chapter 7 petition, Mr. Shannon was embroiled in litigation with

Donald Kaltschmidt in the Montana Eleventh Judicial Circuit, Flathead County (the "state court").
*See* Compl. ¶ 21–22, ECF Doc. No. 1; Ans. ¶ 20–21, ECF Doc. No. 7.

Right away, Mr. Kaltschmidt moved to dismiss Mr. Shannon's chapter 7 case as a "bad faith filing," or in the alternative grant relief from stay to permit the state court litigation to conclude. Case No. 18-61757, ECF Doc. No. 25. The Court did not dismiss the case. Instead, the Court granted Mr. Kaltschmidt's motion for relief from stay to the extent necessary to allow the state court action to proceed to judgment. *See* Case No. 18-61757, ECF Doc. No. 45.

After the state court action concluded and a judgment was entered in Mr. Kaltschmidt's favor, Mr. Kaltschmidt filed his complaint in this adversary proceeding. *See* ECF Doc. No. 1. The complaint sought a judgment declaring Mr. Shannon's debt to Mr. Kaltschmidt nondischargeable pursuant to section 523(a) of the Bankruptcy Code—specifically paragraphs (a)(2)(A), (a)(4), and (a)(6) of section 523.

According to Mr. Kaltschmidt, the state court decided all issues material to determining the dischargeability of the judgment. He argues this Court should except the debt from discharge as a matter of law because Mr. Shannon is estopped from contesting the basis for the liability which Mr. Kaltschmidt contends lines up with the elements necessary to except the debt from discharge under section 523 of the Bankruptcy Code. Mr. Shannon does not contest that the state court found him liable to Mr. Kaltschmidt for fraud, negligent representation, constructive fraud, and breach of fiduciary duty. *See* Compl. ¶ 22, ECF Doc. No. 1; Ans. ¶ 21, ECF Doc. No. 7; Resp. to Mot. for Summ. J., at 1–2, ECF Doc. No. 15. Mr. Shannon contends, however, that the jury verdict did not specify which facts gave rise to its findings and as such he is not estopped from contesting the dischargeability of the debt. Resp. to Mot. for Summ. J., at 1–2, ECF Doc. No. 15.

*The state court judgment*

Mr. Kaltschmidt invested in a business venture with Mr. Shannon. Mr. Kaltschmidt contributed $250,000 and Mr. Shannon agreed to contribute his labor. According to Mr. Kaltschmidt, a major reason that Mr. Kaltschmidt invested in the business was because he thought Mr. Shannon was a former marine, like himself. As it turns out, Mr. Kaltschmidt submits, Mr. Shannon was never a marine. Mr. Kaltschmidt insists he never would have invested in the business with Mr. Shannon had he known Mr. Shannon was not a marine; he alleges Mr. Shannon knew this and affirmatively represented himself to be a former marine to invite Mr. Kaltschmidt's investment. The business venture failed after what Mr. Kaltschmidt contends were Mr. Shannon's mismanagement of the business assets and breaches of Mr. Shannon's fiduciary duties to the business and to Mr. Kaltschmidt as his business partner.

On these facts, Mr. Kaltschmidt sued Mr. Shannon in Montana state court. The state court jury found Mr. Shannon liable for fraud, negligent misrepresentation, constructive fraud, and breach of fiduciary duty. *See* Ex. B to Mot. for Summ. J. ¶ 2, ECF Doc. No. 14-3. The jury awarded $224,000 in actual damages and $1,500,000 in punitive damages. The state court entered a total judgment of $1,724,000 against Mr. Shannon. *See id.* ¶ 6.

Mr. Kaltschmidt requests this Court except the debt owed to him from discharge pursuant to subsections (a)(2)(A), (a)(4), or (a)(6) of section 523. In his motion for summary judgment, Mr. Kaltschmidt argues that the state court's judgment precludes re-litigating the issues underlying the judgment. He then shows how these issues match the elements to except the debt from discharge under sections 523(a)(2)(A), (a)(4) and (a)(6). In this way, Mr. Kaltschmidt demonstrates that summary judgment is appropriate. After all, if the elements of the relevant subsections of 523(a) have already been decided by another court, then there is no purpose in a trial on those same issues before this Court. Stated differently, this Court has no need to hold a trial to determine if the debt

is excepted from discharge because the necessary elements to except the debt from discharge have already been shown and determined by the state court. That is why Mr. Kaltschmidt asks this Court to enter judgment as a matter of law excepting his judgment debt from Mr. Shannon's bankruptcy discharge.

## Jurisdiction

This Court has jurisdiction over Mr. Shannon's bankruptcy case, and proceedings within that case, pursuant to 28 U.S.C. § 1334(a). The question in this adversary proceeding (whether a debt is excepted from discharge) is a core proceeding. 28 U.S.C. § 157(b)(2)(I). This Court may hear and decide the core proceeding within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

## Discussion

Federal Rule of Civil Procedure 56 is applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The parties do not dispute that the Montana state court entered a judgment in Mr. Kaltschmidt's favor against Mr. Shannon in the amount of $1,724,000 for fraud, constructive fraud, and breach of fiduciary duty. *See* Compl. ¶ 22, ECF Doc. No. 1; Ans. ¶ 21, ECF Doc. No. 7. The parties do not dispute that the judgment is a final, non-appealable judgment. The parties simply dispute the preclusive effect of that state court judgment on this adversary proceeding.

If the state court judgment precludes re-litigation of the elements necessary for excepting

the debt from discharge, then this Court need not decide those elements and Mr. Kaltschmidt would be entitled to judgment as a matter of law that his debt is excepted from discharge. On the other hand, if the state court did not decide all the elements necessary for excepting the debt from discharge, then the defendant is not precluded from contesting such element.

> *Does the Montana state judgment collaterally estop Mr. Shannon from defending against the section 523 actions asserted in this case?*

The doctrine of collateral estoppel precludes parties from re-litigating issues before one court that were already determined by another court. *See, e.g.*, *Data Mountain Sols., Inc. v. Giordano (In re Giordano)*, 472 B.R. 313, 325 (Bankr. E.D. Va. 2012) ("Issue preclusion, or collateral estoppel, bars the 'successive litigation of an issue of fact or law litigated and resolved in a valid court determination essential to the prior judgment[.]'"(quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008))). The litigation in the two courts must involve the same parties, the same issues, the same burdens,[1] and one court must have already rendered a final judgment on the merits. The doctrine may apply in bankruptcy dischargeability cases to preclude re-litigating those issues decided in the non-bankruptcy case that are necessary elements in the bankruptcy dischargeability case. *See Grogan v. Garner*, 498 U.S. 279, 284–85 (1991).

The preclusive effect of a state court judgment in a subsequent federal action is determined by referring to the preclusion law of the state in which the state court judgment was entered. *See Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995). This means Montana's

---

[1] For collateral estoppel to apply, the burden of proof in rendering judgment in the prior litigation must be equal to or greater than the burden of proof in the later litigation. "In the case of fraud, if the state court burden of proof is less than that required by the bankruptcy law, then the doctrine of collateral estoppel cannot be used in the dischargeability action notwithstanding the fact the state court would have applied the doctrine." *Chang v. Daniels (In re Daniels)*, 91 B.R. 981, 984 (Bankr. M.D. Fla. 1988).

In this adversary proceeding, the burden of proof in the state court litigation and the pending litigation is the same: preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991); *Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 220 (4th Cir. 2007); *Franks v. Kindsfather (In re Estate of Kindsfather)*, 326 Mont. 192, 196 (2005).

law on collateral estoppel will determine the extent to which Mr. Shannon is estopped from re-litigating the elements necessary to except Mr. Kaltschmidt's judgment from discharge.

> Under Montana law, a party is precluded from re-litigating an issue if:
>
> (1) the identical issue raised was previously decided in a prior adjudication;
> (2) a final judgment on the merits was issued in the prior adjudication; and
> (3) the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication.
>
> In accordance with protecting litigants' due process rights, [Montana courts] also consider whether the party against whom preclusion is asserted was afforded the opportunity to obtain "'a full and fair adjudication [of the issue] in the initial action.'"

*Baltrusch v. Baltrusch*, 331 Mont. 281, 290 (2006) (internal citation omitted) (quoting *Estate of Eide v. Tabbert*, 272 Mont. 180, 185 (1995) (quoting Restatement (Second) of Judgments § 28(5)(c) (1982))).

The Court will address these criteria in reverse order.

> 1. *Was Mr. Shannon afforded the opportunity to obtain a full and fair adjudication of the issues in the state court action?*

Mr. Shannon says he was not afforded the opportunity during the state court trial to obtain a full and fair adjudication of the issues. The Montana Supreme Court says he was.

Mr. Shannon was not represented by counsel during the trial. He was not present for much of the trial. According to the trial transcript provided as support to this motion for summary judgment, the judge presiding over the state court trial noted that he had already accommodated several of Mr. Shannon's requests to delay the trial and informed Mr. Shannon that when trial began, it would not be delayed any further. Nevertheless, Mr. Shannon faced a medical emergency on the first day of trial and was absent for the remainder of the multi-day trial. The state court judge noted in the record his reasons for allowing the trial to continue in Mr. Shannon's absence and in the absence of anyone to represent Mr. Shannon. *See* Ex. A to Mot. for Summ. J., at 234–

37, ECF Doc. No. 14-2. On appeal, the Montana Supreme Court reviewed the record and concluded that proceeding without Mr. Shannon was neither an abuse of discretion nor any violation of law. *See* Ex. B to Mot. for Summ. J. ¶¶ 4, 9, ECF Doc. No. 14-3 (noting that Mr. Shannon had been granted multiple continuances, often for purported medical problems, that the trial had been rescheduled seven times, and that Mr. Shannon had been warned that the trial would proceed with or without him).

Mr. Shannon raised this precise issue—whether he was afforded a full and fair opportunity to litigate the issues at trial—before the Montana Supreme Court on appeal. The Montana Supreme Court issued a final ruling and opinion determining Mr. Shannon had a full and fair opportunity to litigate the issues at trial. *See* Ex. B to Mot. for Summ. J. ¶ 9, ECF Doc. No. 14-3 ("After the passage of years, and upon commencement of the long-awaited trial, there was little more the [trial court] could do, in light of [Mr.] Kaltschmidt's right to a trial, but finish the matter after providing clear notice to [Mr.] Shannon it would do so.").

In any event, "[t]he burden is on the party attempting to defeat the application of issue preclusion to establish the absence of a full and fair opportunity to litigate." *McDaniel v. State*, 350 Mont. 422, 437 (2009). Mr. Shannon did not put forward anything in his pleadings nor in his argument at the hearing sufficient to satisfy his burden of establishing the absence of a full and fair opportunity to litigate under relevant Montana law. For all of these reasons, this Court finds that Mr. Shannon was afforded the opportunity to obtain a full and fair adjudication of the issues in the state court action. Besides, though counsel for the defendant does note several times in his pleadings and in oral argument at the hearing that Mr. Shannon was not present for the majority of the trial in state court, he admitted at the hearing that he cannot dispute that the issues were fully litigated.

*2.   Was Mr. Shannon a party to the Montana state court action?*

This element is not contested.  The record speaks for itself—Mr. Shannon was a party to the state court action and appealed the judgment of that court to the Montana Supreme Court.  Mr. Shannon is now the defendant in this adversary proceeding, against the same plaintiff, Mr. Kaltschmidt.  This element is satisfied.

*3.   Was a final judgment on the merits issued in the Montana state court action?*

This element is not contested.  The Montana state court issued a final judgment in Mr. Kaltschmidt's favor after the jury issued its verdict.  The jury verdict form attached to the complaint shows that the jury specifically checked "yes" that Mr. Shannon was liable to Mr. Kaltschmidt for fraud, constructive fraud, and breach of fiduciary duty.  Ex. A to Compl., ECF Doc. No. 1-1.  This verdict form, along with the trial transcript, evidences that the jury considered the evidence before it and weighed the claims on their merits.  After doing so, the jury issued its verdict against Mr. Shannon.  That verdict led to a judgment that has since become finalized after the Montana Supreme Court affirmed the judgment on appeal.  The judgment is not eligible for any further appeal.  This element is satisfied.

*4.   Are the section 523 issues before the Court identical to those decided by the Montana state court?*

Mr. Kaltschmidt contends the issues decided by the state court mirror exactly the issues raised by sections 523(a)(2)(A), (a)(4), and (a)(6).  *See* Mot. for Summ. J, ECF Doc. No. 14.  Mr. Shannon contends the state court jury was not clear in its findings and so this Court cannot determine which facts were material to the jury's findings.  Hence, Mr. Shannon argues, this Court cannot conclude the jury has decided the issues necessary to except the judgment debt from discharge under sections 523(a)(2)(A), (a)(4) or (a)(6).  And so, the Court will review the issues necessary to except the debt from discharge.

i.   *Section 523(a)(2)(A)*

Mr. Kaltschmidt first points to section 523(a)(2)(A) as grounds for this Court to except the

debt owed to him from Mr. Shannon's discharge. Section 523(a)(2)(A) provides that

> [a] discharge under section 727 . . . does not discharge an individual debtor from
> any debt . . . for money, property, services, or an extension, renewal, or refinancing
> of credit, to the extent obtained by . . . false pretenses, a false representation, or
> actual fraud, other than a statement respecting the debtor's or an insider's financial
> condition.

11 U.S.C. § 523(a)(2)(A).

The Montana jury found Mr. Shannon liable to Mr. Kaltschmidt for fraud. Mr. Kaltschmidt

points out that the Montana jury's finding that Mr. Shannon was liable for fraud is a finding of

specific issues under Montana law, and those issues are identical to the issues necessary to except

a debt from discharge under a section 523(a)(2)(A).

Montana law requires finding the following elements by the preponderance of the evidence

to conclude a defendant liable is for fraud:

> (1) a representation; (2) the falsity of that representation; (3) the materiality of the
> representation; (4) the speaker's knowledge of the representation's falsity or
> ignorance of its truth; (5) the speaker's intent that the representation should be acted
> upon by the person and in the manner reasonably contemplated; (6) the hearer's
> ignorance of the representation's falsity; (7) the hearer's reliance upon the truth of
> the representation; (8) the hearer's right to rely upon the representation; and (9) the
> hearer's consequent and proximate injury or damages caused by their reliance on
> the representation.

*Franks v. Kindsfather (In re Estate of Kindsfather)*, 326 Mont. 192, 196 (2005).

The Montana state court jury hearing Mr. Kaltschmidt's case against Mr. Shannon was

instructed on these very elements prior to deliberations. *See* Ex. A to Mot. for Summ. J., at 353–

54, ECF Doc. No. 14-2. The jury found Mr. Shannon liable to Mr. Kaltschmidt for fraud based

on these elements. *See* Ex. A to Compl., ECF Doc. No. 1-1.

The elements required for finding fraud under Montana law do mirror the elements for

finding fraud in the context of this dischargeability proceeding.  The United States Court of

Appeals for the Fourth Circuit identified these required elements as follows:

> (1) that the debtor made a representation; (2) that at the time the representation was
> made, the debtor knew it was false; (3) that the debtor made the false representation
> with the intention of defrauding the creditor; (4) that the creditor justifiably relied
> upon the representation; and (5) that the creditor was damaged as the proximate
> result of the false representation.

*Lind-Waldock & Co. v. Morehead*, 1 Fed. App'x. 104, 107 (4th Cir. 2001) (citing *Foley & Lardner*

*v. Biondo (In re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999)).[2]

Comparing these elements as laid out by the Fourth Circuit to the elements required under

Montana law leads this Court to conclude that the issues decided by the Montana jury in finding

Mr. Shannon liable for fraud are identical to the issues this Court is asked to decide to determine

the debt is nondischargeable under section 523(a)(2)(A).   Specifically, the first section

523(a)(2)(A) element matches the first element for fraud under Montana law.  The second section

523(a)(2)(A) element matches the second and fourth elements for fraud under Montana law.  The

third section 523(a)(2)(A) element matches the fifth element for fraud under Montana law.  The

fourth section 523(a)(2)(A) element matches the seventh plus eight elements for fraud under

Montana law.  The fifth section 523(a)(2)(A) element matches the ninth element for fraud under

Montana law.

Mr. Shannon points out, however, that section 523(a)(2)(A) states that the debt must be for

money, property, services, etc. "*to the extent obtained by*" false pretenses, a false representation,

or actual fraud.  Mr. Shannon submits that this language requires a showing that the defendant

"*obtained money, property, services, or an extension, renewal, or refinancing of credit from the*

---

[2]     In the *Biondo* decision, the Fourth Circuit looked to the *Restatement (Second) of Torts* for the definition of
fraudulent misrepresentation.  The Circuit then relied upon that definition when it described the elements required to
find a debt within the exception to discharge under section 523(a)(2)(A).

*Plaintiff as a result of false pretenses, a false representation, or actual fraud*."  Resp. to Mot. for

Summ. J., at 1, ECF Doc. No. 15.

Even under the defendant's understanding of section 523(a)(2)(A), the Court notes that the

Montana jury awarded Mr. Kaltschmidt actual damages in the amount of $224,000.  This figure

represented the amount that Mr. Kaltschmidt was unable to recover from his $250,000 investment.

Mr. Shannon does not contest the amount of the investment or the failure to recover all but $26,000

of it.  This investment is money that Mr. Shannon *obtained* from Mr. Kaltschmidt by his fraud,

constructive fraud, and breach of fiduciary duty as determined by the jury.  Mr. Shannon insists

that because the jury verdict form failed to identify specific facts on which the jury relied in

rendering the verdict, it is impossible to determine that Mr. Shannon obtained money, property,

services, or an extension, renewal, or refinancing of credit by fraud, constructive fraud, and/or

breach of fiduciary duty.  Resp. to Mot. for Summ. J., at 2, ECF Doc. No. 15.

The Court disagrees.  As stated above, the debtor does not dispute the amount he obtained

from Mr. Kaltschmidt.  The trial transcript and Montana Supreme Court opinion point out the

following as facts not in dispute:  (1) Mr. Shannon obtained financial backing from Mr.

Kaltschmidt based on Mr. Shannon's representation that he was an active United States Marine;

and (2) Mr. Shannon never received a "DD Form 214."[3]  *See* Mot. for Summ. J., at 17, ECF Doc.

No. 14; Ex. A to Mot. for Summ. J., at 355, ECF Doc. No. 14-2.  The jury did not need to find

these as facts; the jury only needed to apply these uncontested facts to the legal elements.  They

did, and they issued a verdict finding Mr. Shannon liable for fraud.  Not only that, the jury then

awarded punitive damages based on the same conduct which gave rise to the compensatory

---

[3]      Based on testimony during the state court trial, DD Form 214 is "given to every person who serves in one of
the armed forces, it documents the history of that service, date of entry, date of release, total time served, the record
of service, any prior service, decorations, medals, awards, campaign ribbons, military education, and it documents the
date of release and address."  Ex. A to Mot. for Summ. J., at 329, ECF Doc. No. 14-2.

damages. Specifically, the Montana state court judge instructed the jury that it may award the punitive damages requested if "number 1, you find for Mr. Kaltschmidt on any of his claims, and, 2, you find by clear and convincing evidence that Mr. Shannon has acted with actual fraud or actual malice." Ex. A to Mot. for Summ. J., at 357, ECF Doc. No. 14-2. The state court judge then instructed the jury of the elements for awarding punitive damages for actual fraud. Those elements mirror the elements this Court would find to except a debt from discharge under section 523(a)(2)(A) as shown above.[4] The jury found for Mr. Kaltschmidt on his claims and awarded punitive damages. Ex. A to Compl., ECF Doc. No. 1-1.

Given the detailed factual record in the trial transcript and the detailed instructions provided to the jury, the state court record is sufficient for this Court to identify which facts the jury relied upon when concluding the facts supported a verdict for fraud, and likewise supported a verdict for punitive damages.

The Fourth Circuit has interpreted section 523(a)(2)(A) as excepting a debt from discharge if the *debt* arose from the conduct described in subsection (A). *See Lind-Waldock & Co.*, 1 Fed. App'x. at 107. The debt in section 523(a)(2) must be for "money, property, services, or an extension, renewal, or refinancing of credit," and the debt must have arisen from the type of conduct described in subsection (A) of section 523(a)(2). The debt owed to Mr. Kaltschmidt is for money. The debt has been reduced to judgment. The judgment debt arose from the type of conduct described in subsection (A) of section 523(a)(2). Specifically, the judgment arose from Mr. Shannon's fraud (as well as constructive fraud and breach of fiduciary duty) under Montana law

---

[4]       The trial court judge instructed the jury, "[f]or the purpose of awarding punitive damages Mr. Shannon is guilty of actual fraud if he, number 1, made a representation with knowledge of its falsity or concealed a material fact with purpose of depriving Mr. Kaltschmidt of property, or legal rights, or otherwise causing injury to Mr. Kaltschmidt; number 2, Mr. Kaltschmidt has a right to rely upon Mr. Shannon's representation; and, number 3, Mr. Kaltschmidt suffered injury as a result of his reliance." Ex. A to Mot. for Summ. J., at 358, ECF Doc. No. 14-2.

and included compensatory damages and punitive damages based on the same conduct. As discussed above, the issues required by section 523(a)(2)(A) for this Court to determine the debt arose from the conduct described in section 523(a)(2)(A) and declare the debt owed to Mr. Kaltschmidt nondischargeable are identical to those required to find fraud under Montana law. Consequently, this Court finds that the last element necessary to apply collateral estoppel with respect to section 523(a)(2)(A) is satisfied.

All of this means that the Mr. Kaltschmidt is entitled to judgement as a matter of law that the Montana judgment debt is excepted from discharge under Bankruptcy Code section 523(a)(2)(A). The elements to find the debt excepted from discharge have already been decided, and the defendant is estopped from re-litigating those elements. The Montana judgment for compensatory damages of $224,000 arose from fraud. The Montana judgment for punitive damages in the amount of $1,500,000 arose from the same conduct. When, as here, "the conduct giving rise to the award of punitive damages sprang from the same conduct giving rise to compensatory damages [which are found to be nondischargeable] . . . the award of punitive damages is not dischargeable." *See Hagen v. McNallen (In re McNallen)*, 62 F.3d 619, 627 (4th Cir. 1995).

Because section 523(a)(2)(A) by itself operates to except the debt owed to Mr. Kaltschmidt from discharge, it is unnecessary to continue evaluating the remaining arguments under sections 523(a)(4) and 523(a)(6).

## Conclusion

For the reasons discussed above, all four of the elements for collateral estoppel under Montana law are satisfied with respect to Mr. Kaltschmidt's request to except the debt owed to him from discharge under section 523(a)(2)(A). The Montana state judgment therefore collaterally

estops Mr. Shannon from re-litigating the issues under section 523(a)(2)(A). The Montana jury already decided those issues. The Court will follow the requirement of 28 U.S.C. § 1738 to afford the Montana state court judgment full faith and credit by applying the doctrine of collateral estoppel.

Having done so, there remains no genuine dispute as to any material fact for this Court to consider, and Mr. Kaltschmidt is entitled to judgment as a matter of law. Therefore, the Court **GRANTS** the plaintiff's motion for summary judgment. Mr. Shannon is not discharged from the debt owed to Mr. Kaltschmidt in the amount of $1,724,000.

The Court will contemporaneously issue an Order consistent with the findings and rulings of this Memorandum Opinion.

The clerk is directed to send a copy of this Memorandum Opinion to the debtor; counsel for the defendant; and counsel for the plaintiff.